RECEIVED
USDC CLERK, CHARLESTON, SC
2022 JUL -8 PM 12: 11

FILED
2022 JUL -7 PM 2:14
JULIE ARMSTRONG
CLERK OF COURT
BY _____

STATE OF SOUTH CAROLINA )        IN THE FAMILY COURT
                        )        _____ JUDICIAL CIRCUIT
COUNTY OF _____       )        EMERGENCY PETITION
                        )
Elena Kirillova         )        APPLICATION AND AFFIDAVIT:
        Petitioner,     )        REGISTRATION OF OUT-OF-STATE
                        )        CHILD CUSTODY ORDER
    vs.                 )
                        )        S.C. Code of Laws Ann. § 63-15-358(A)
Andrey Kirillova        )
        Respondent.     )        Docket No. 2022-DR-10-1932

This application must include two copies, with at least one copy being certified, of the child custody order sought to be registered.

I, Elena Kirillova _____ (full name), request the Charleston County Family Court to register and confirm the attached child custody determination. My mailing address for purposes of service and notice is Kashirskaye sh., k.3, 55 up 661 Moscow, Russia.
(If your address is changed, you are responsible for notifying the court).

The name(s) and address(es) of any parent or person(s) acting as a parent who were awarded custody or visitation in the child custody determination sought to be registered are: _____

_____.

I, Elena Kirillova _____ (full name), do hereby swear and affirm under penalty of perjury that to the best of my knowledge and belief the attached order which I am seeking to register is in effect and has not been modified.

Sworn to before me this
7th day of July, 2022
_Armstrong_
Notary Public of South Carolina
My Commission expires: March 17, 2026

_____ Petitioner

Name of Custodial Parent (if applicable): _____

SCCA 458A (1/2011)

STATE OF SOUTH CAROLINA )    IN THE FAMILY COURT
                                    )    JUDICIAL CIRCUIT
COUNTY OF _____ )

FILED
2022 JUL -7 PM 2:14
JULIE ARMSTRONG
CLERK OF COURT
BY _____

Elena Kirillova
**Plaintiff**

Andrey Kirillov
**Defendant**

**AFFIDAVIT**

Docket No. 2022-DR-10-1982

Personally appeared before me, __ELENA KIRILLOVA__, who being duly sworn, deposes and says that: See attached

Sworn to and Subscribed before me
7th day of July, 2022

_____
Notary Public for South Carolina
My Commission expires March 17, 2026

Signature of Affiant _____
Print Name: _____
Telephone No: 786 901 2256
Kiraalenova@gmail.com

IN THE CIRCUIT COURT, _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, SOUTH CAROLINA

FILED
2022 JUL -7 PM 2: 14

JULIE ARMSTRONG
CLERK OF COURT

BY_____

CASE NO: 2022-DR-10-1982
FAMILY DIVISION

Elena Kirillova,
*Petitioner*

v.

Andrey Kirillov,
*Respondent.*
_____/

## EMERGENCY PETITION
## PETITIONER KIRILLOVA'S VERIFIED PETITION FOR REGISTRATION, DOMESTICATION, AND ENFORCEMENT OF FOREIGN (OUT-OF-COUNTRY) CHILD CUSTODY AND TIME-SHARING ORDERS FROM THE RUSSIAN FEDERATION

Petitioner Elena Kirillova ("Mother") files this Verified Petition for Registration, Domestication, and Enforcement Foreign (Out-Of-Country) Child Custody and Time-Sharing Orders from the Russian Federation against Respondent Andrey Kirillov ("Father"). In support, Mother states as follows:

1.  **Action**. This is an action to register, domesticate and enforce a foreign (out-of-country) temporary child custody determination from the Russian Federation.

2.  **Non-Military Affidavit**. Both parties are over the age of eighteen (18). Neither party is a member of the military service of the United States or any of its allies as defined by the Service Members Civil Relief Act.

3.  **Minor Child.** The parties have one (1) minor child, to wit: Eva Kirillova, a female, born 05/26/2018 in Moscow, Russia ("Minor Child").

4.  **Residences**. Mother resides in the Russian Federation at the following address: Kashirskoye h., 55/3, AP. 661, Moscow, Russia, 115230

1

Father and the Minor Child are residents of <u>Charleston County, South Carolina</u>, currently reside at <u>937, CLEARSPRING DR, Charleston, SC 29412</u>. As such, the appropriate venue for this action is in Charleston County, South Carolina.

5. **UCCJEA:**

**E.K.'s Residence for the past 5 years:**

1.  Dates (From- To): 05/26/2018 to 12/30/2021
    Address: 7 Batyninskaya Str., apt.36, Moscow, **RUSSIA** 109235
    Name of a person the Child lives with: Elena Kirillova, Andrey Kirillov, Lidiya Kirillova
    Relationship to the Child: Mother, Father, Grandmother

2.  Dates (From- To): 12/31/2021 to 04/28/2022
    Address: 7 Batyninskaya Str., apt.36, Moscow, **RUSSIA** 109235
    Name of a person the Child lives with: Elena Kirillova (Mother), Lidiya Kirillova (Grandmother) – 50% of the time.

    Address: 55 k.3 Kashirskoe shosse, apt. 661, Moscow, **RUSSIA** 115230 (50/50)
    Name of a person the Child lives with: Andrey Kirillov (Father) - 50% of the time.

3.  Dates (From- To): 05/11/2022 to Present
    Address: South Carolina, USA
    Name of a person the Child lives with: Andrey Kirillov
    Relationship to the Child: Father

**Participation in custody or time-sharing proceedings:**
I HAVE participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or another state, jurisdiction, or country, concerning parental responsibility for, custody of, or time-sharing or visitation with a child subject to this proceeding.
a. Name of each child: E.K.
b. Type of proceeding:
c. Court and state: Russian Federation
d. Date of court order or judgment:

**Information about custody or time-sharing proceedings:**
I HAVE INFORMATION about any parental responsibility, custody, time-sharing or visitation proceeding pending in a court of this or any other state, jurisdiction, or country, concerning a child subject to this proceeding.

**Persons not a party to this proceeding:**
I DO NOT KNOW OF ANY PERSON in this or any other state, jurisdiction, or country, who is not a party to this proceeding and who has physical custody or claims to have parental

2

responsibility for, custody of, or time-sharing or visitation with respect to any child subject to this proceeding.

**Knowledge of prior child support proceedings:**
The child described in this affidavit is NOT subject to existing child support orders in this or any state, jurisdiction, or country.

6. **Jurisdiction**. This Court has jurisdiction pursuant to §§ Section 63-15-330 of the SC Code of Laws.

7. **Emergency Petition:** Pursuant to §§ Section 63-15-330 of the SC Code of Laws, Mother requests that this Petition be treated as an emergency petition and requests an expedited proceeding.

8. From about 2018 to 2021 the Child lived with both the Mother and the Father. Form about 2021 until April 2022, the Parties lived separate from each other, but shared a custody of the Minor Child. However, there was no Court order as to the custody or parenting time.

9. On or about April 2022, the Father picked up the Minor Child from house and disappeared in an unknown direction.

10. Through her pleas on social media, the Mother has later determined that the Father took the Minor Child to Uzbekistan, then to then to Turkey, then to Mexico, and, eventually, to the United States. The Father and the Child crossed the U.S.- Mexico border on or about May 11th, 2022. See Exhibit "A" – I-94s.

11. The Mother has never given permission to the Father to travel with the Child outside of Russia. As a matter of fact, the Mother had placed a request with the Russian border patrol prohibiting removal of the Child from Russia without the permission of both parents. See Exhibit "B" – Travel Ban. Unfortunately, the request was not processed by the time the Father took the Child out of the country.

12. From April 2022, the Mother had no contact with the Minor Child or the Father.

13. On April 30, 2022, the Mother filed a missing child statement with the Russian police.

14. The Mother also sent written statements to the Central Authority for the Enforcement of the Hague Convention on the Civil Law Aspects of International Child Abduction of October 25, 1980, the Russian Embassy in Washington, the US Embassy in Kyrgyzstan, to Interpol, the FBI, the USCIS, and Center for Children and the Law, informing them of the act of abduction.

15. On or about June, 2022, the Mother petitioned the Russian Federation Court to designate the primary residence of the Minor Child and to impose an obligation to return the Minor Child to the primary residence.

16. **2022 Russian Federation Temporary Child Custody Determination:**

    a.  On June 1, 2022, the COURT accepted the statement of claim from the Mother to determine the place of residence of the child, ("Claim 2022"), a certified copy of which is attached to this document as Exhibit "C", incorporated herein by reference, and the original will be filed with the Court.

    b.  On June 28th, 2022, in the case No. 2-5295/2022 styled Elena Kirillova, Petitioner v. Andrey Kirillov, Respondent, Lublinsky District Court of Moscow, Russia, entered a Temporary Order titled "Obligation List." See Exhibit "D" – Order.

    c.  The Temporary Order was entered upon the full hearing in front of a judge and in the presence of the Mother. The Order, *inter alia*, designated the primary residency of the Child with her Mother, and obliges the Father to return the Child to the jurisdiction of the Russian Court while the proceedings are pending.

    d.  The Father was not present at the Hearing, even though summons were sent in accordance with the laws of the Russian Federation to the last known address of the Father.

    e.  The Father did not appeal the Order.

17. Mother requests registration, domestication, and enforcement of the Russian Federation Order by the Circuit Court in and for Charleston County, South Carolina.

18. The Court should enforce the Russian Federation Order, find Father in contempt of the Russian Federation Order, and sanction him accordingly pursuant to South Carolina law. §§ Section 63-15-330 of the SC Code of Laws.

19. Notwithstanding the fact that Father has parental rights to visit the Minor Child, Father has completely isolated and alienated the Minor Child from her Mother, through intentional disregard and contempt for the Russian Federation Order.

20. At all times relevant, Father intentionally and willfully chose to disregard his legal obligations and Mother's parental rights, as specified in the Russian Federation Order. As such, the Court should find Father in indirect civil contempt. The Court should order monetary sanctions, including coercive fines against Father, such as requiring Father to bear all costs associated with any and all make-up time-sharing, requiring Father to reimburse Mother for any airfare and living expenses she might incur in recovery of the Minor Child from the United States, and requiring Father to pay Mother's attorney's fees, costs, and suit money.

21. Father continues to be a flight risk, because he has already abducted the Child once, therefore, and in accordance §§ Section 63-15-330 of the SC Code of Laws, the Court shall require the Father to appear in court with the Minor Child, and impose any other orders the Court might find appropriate to ensure the safety of the Minor Child.

22. Further, in accordance §§ Section 63-15-330 of the SC Code of Laws, Mother requests an issuance of emergency warrant to take physical custody of the Minor Child, since the Minor Child is at risk of being removed from the State of South Carolina or the United States by the Father.

23. In accordance §§ Section 63-15-330 of the SC Code of Laws, the Mother requests

involvement of State Attorney and law enforcement officers in the proceedings.

24. Under the penalty of perjury, and to the best of Mother's knowledge and belief, the child custody determination in the Russian Federation Action, for which domestication and enforcement are sought, have not been vacated, stayed, or modified, and no appeals are pending therefrom.

25. There is no other proceeding that has been commenced which could affect the current proceeding for enforcement.

26. The child custody determination sought to be enforced has not yet been registered and confirmed §§ Section 63-15-330 of the SC Code of Laws, however, registration is sought simultaneously with the commencement of this proceeding.

WHEREFORE, Petitioner <u>ELENA KIRILLOVA</u> requests this Court:

A.     Register, Domesticate, and Enforce the foreign child custody and time-sharing orders attached hereto;

B.     Enforce the Russian Federation Order by requiring Respondent <u>ANDREY KIRILLOV</u> to comply with same;

C.     Find Respondent <u>ANDREY KIRILLOV</u> in contempt;

D.     Order make-up time-sharing between the Minor Child and the Mother;

E.     Enter coercive and/or compensatory fines against Father as requested herein;

F.     Award fees, costs, and suit money to Mother;

G.     Grant such other and further relief as may be provided by the applicable law.

*INTENTIONALLY LEFT BLANK – VERIFICATION TO FOLLOW*

## VERIFICATION

I understand that I am swearing or affirming under oath to the accuracy of this petition and that the information provided for herein is true and accurate. I further understand that the punishment for knowingly making a false statement or incomplete disclosure includes fines and/or imprisonment.

*Elena Kirillova*

06/30/2022
Date:

8

Dated: 06/30/2022

Petitioner

*Elena Kirillova*

Address: Kashirskoye h., 55/3, AP. 661, Moscow, Russia, 115230